UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD EDWARD OWENS, JR.,

    Petitioner,

v.

SHERMAN CAMPBELL,

    Respondent.
                                         /

Case Number: 15-13264
Honorable Matthew F. Leitman

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY (ECF # 15) AND ADMINISTRATIVELY CLOSING CASE

This is a habeas corpus action under 28 U.S.C. § 2254. Michigan prisoner Ronald Edward Owens, Jr., ("Petitioner") challenges his convictions for conspiracy to assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84, assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84, bribing, intimidating, or interfering with a witness in a criminal case, Mich. Comp. Laws § 750.122(7)(b), and inciting or procuring one to commit perjury, Mich. Comp. Laws § 750.425. The petition raises fifteen claims for relief, all of which appear to be exhausted. Petitioner has now filed a Motion to Stay Proceedings and Hold Petition in Abeyance. Petitioner seeks a stay so that he may return to state court to exhaust an additional claim challenging his sentence based upon the Michigan Supreme Court's decision in *People v. Lockridge*, 498 Mich. 358

(2015). The Court will grant the motion, stay the petition, establish conditions under which Petitioner must proceed, and administratively close the case.

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005) (recognizing court's discretion to stay and establishing criteria for stay). A stay may be granted when the petitioner has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278, *citing Rose v. Lundy*, 455 U.S. 509, 522 (1982). The *Rhines* decision concerned a mixed habeas petition, that is, one raising claims that had been properly exhausted in state court and claims that had not. *Id.* at 272-73. The pending petition raises only exhausted claims.

The Sixth Circuit Court of Appeals recently approved use of the stay-and-abeyance procedure for a petition that presented only an unexhausted claim and cited with approval other circuits use of this procedure for petitions presenting only exhausted claims. *See Hickey v. Hoffner*, --- Fed. App'x ---, 2017 WL 2829523, *4, n.5 (6th Cir. June 30, 2017), citing *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016). *See also Thomas v. Stoddard,* 89 F.Supp.3d 937, 943 (E.D. Mich. 2015) (Michelson, J.) (holding that a federal court may stay fully exhausted habeas corpus petitions

2

pending the exhaustion of additional claims in state courts). When a habeas petition raises only exhausted claims, the Court must choose between adjudicating the exhausted claims while the petitioner simultaneously exhausts additional claims in state court or staying the petition while the petitioner proceeds with state-court collateral review. *Thomas*, 89 F. Supp. 3d at 942-43. The Court finds the factors identified in *Thomas* useful in determining whether a stay is appropriate in this case: (1) the relative merits of the exhausted and unexhausted claims; (2) whether the exhausted and unexhausted claims are legally and factually related; (3) whether the petitioner shows good cause for failing previously to exhaust the unexhausted claim; (4) potential prejudice to the respondent; and (5) considerations of judicial economy and federal-state relations. *See id.* at 941-43; *see also Armour v. MacLaren*, No. 15-10753, 2015 WL 9918195, *1 (E.D. Mich. Dec. 5, 2017) (Michelson, J.). In this case, these factors support a stay.

Petitioner's unexhausted claim is not plainly meritless. In *Lockridge*, the Michigan Supreme Court held that "to the extent that [offense variables] scored on the basis of facts not admitted by the defendant or necessarily found by the jury verdict increase … the defendant's 'mandatory minimum' sentence, that procedure violates the Sixth Amendment." *Lockridge,* 498 Mich. at 373-74. In this case, Petitioner argues that several offense variables were scored based upon judge-found facts and that the scoring of these variables exposed him to a higher minimum

sentence. Thus he at least states a *potentially* meritorious claim under *Lockridge*. Petitioner's *Lockridge* claim is somewhat related to a sentencing claim raised in the petition, such that the claims should be resolved at the same time. Petitioner has shown good cause for failing previously to exhaust this claim in state court – *Lockridge* was decided after Petitioner concluded direct review in state court and was not final (by the denial of a petition for certiorari) until after he filed the pending petition. *See Michigan v. Lockridge*, --- U.S. ---, 136 S. Ct. 590 (2015) (denying cert.). Respondent has not responded to the motion to stay and the Court sees no prejudice resulting to Respondent from a stay or any evidence of intentional delay by Petitioner in an attempt to gain an advantage. Finally, the interests of judicial economy and federal-state relations are best-served in this case by avoiding parallel litigation.

The Court GRANTS Petitioner's Motion to Stay Proceedings and Hold Petition in Abeyance (ECF # 15). Petitioner indicates that he filed a motion for relief from judgment in state court simultaneously with the filing of this motion. To the extent that he has not already done so, Petitioner must file a motion for relief from judgment in state court within 60 days of the date of this Order. Within 60 days after exhaustion of state court remedies, Petitioner may move to reopen this proceeding and to amend the petition to include his newly-exhausted claim. The stay is conditioned upon Petitioner complying with the time limits imposed by this Order.

Should Petitioner fail to comply with any of these conditions, the petition may be dismissed. *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014) (holding that dismissal of a habeas petition is appropriate where a petitioner has failed to comply with the terms of a stay). This case is CLOSED for administrative purposes.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 17, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 17, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764